IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **AMERICAN FAMILY MUTUAL INSURANCE COMPANY, SI, as subrogee of Michelle Schreiber**,<br><br>Plaintiff,<br><br>and, pursuant to Wis. Stat 803.03(2),<br><br>**MICHELLE SCHREIBER,**<br><br>Involuntary-Plaintiff,<br><br>v.<br><br>**GREE USA, INC., and MJC AMERICA, LTD.**<br><br>Defendants. | Case Number: 2:23-cv-01354<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, American Family Mutual Insurance Company, SI as subrogee of Michelle Schreiber, by and through its attorneys, Cozen O'Connor, and as Involuntary-Plaintiff, American Family Mutual Insurance Company, SI insured, Michelle Schreiber, pursuant to Wis. Stat. 803.03(2), and for their Complaint against Defendants Gree USA, Inc. and MJC America, Ltd., alleges:

## PARTIES

1. Plaintiff American Family Mutual Insurance Company, SI ("American Family" or "Plaintiff") is a Wisconsin corporation with its principal place of business located at 6000

LEGAL\66124843\1

American Parkway, Madison, WI 53783. At all relevant times, American Family was authorized to issue insurance policies and transact business in the State of Wisconsin.

2. At all times relevant, Plaintiff's insured, Involuntary-Plaintiff, Michelle Schreiber, ("Schreiber") was a resident and citizen of the State of Wisconsin with a residence at 159 Buchard St., Beaver Dam, Wisconsin 53916 (the "Premises").

3. Defendant Gree USA, Inc. ("Gree") is a California corporation with a principal place of business at 4195 Chino Hills Parkway #1026, Chino Hills, California 91709. At all times relevant hereto, Gree was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including the State of Wisconsin.

4. Defendant, MJC America, Ltd. ("MJC") is a California corporation with a principal place of business located at 20035 East Walnut Drive North, City of Industry, California 91789. At all times relevant hereto, MJC was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including the State of Wisconsin.

## JURISDICTION & VENUE

5. Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1332 because the parties are all citizens of different states and the amount in controversy exceeds $75,000.00.

6. The Eastern District of Wisconsin is the appropriate venue for this action pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claim occurred in the County of Dodge, Wisconsin, within the jurisdiction of this Court.

## COMMON ALLEGATIONS

7. At all times relevant, American Family provided property insurance to Schreiber with respect to her real and personal property at the Premises, as well as additional living expenses.

8. Prior to September 19, 2022, Schreiber purchased and owned a "Soleus Air by Gree" dehumidifier designed, manufactured, marketed, distributed, and/or sold by Defendants Gree and MJC ("the Dehumidifier").

9. Defendants designed, manufactured, sold, and placed into the stream of commerce the Dehumidifier.

10. Schreiber used the Dehumidifier in a manner and for the purpose intended by Defendants: to among other things, reduce humidity levels in the Schrieber Premises.

11. At all times relevant, the Dehumidifier was in substantially the same condition as it was when Defendants placed it in the stream of commerce.

12. On or about September 12, 2013, the Consumer Product Safety Commission issued a recall of the Dehumidifier.

13. The Dehumidifier was recalled because the "dehumidifiers can overheat, smoke, and catch fire, posing fire and burn hazards to consumers." (See *Consumer Products Safety Commission Recall No. 13-283, issued September 12, 2013, attached as Exhibit A*).

14. On or about September 19, 2022, the Dehumidifier suddenly and catastrophically caught fire in the basement of the Premises (the "Fire").

15. The fire caused substantial damage and destruction to Schrieber's real and personal property, as well as emergency expenses and additional living expenses.

16. As a result of the fire, Schreiber made a claim to American Family pursuant to her insurance policy for her losses arising from the Fire.

17. Pursuant to its obligations under the Schreiber Policy, American Family reimbursed Schreiber for those claims in an amount in excess of $120,000.

18. By virtue of its payments, American Family is now legally, equitably, and contractually subrogated to the Schreiber's claims against any responsible third parties, including claims against Defendants.

## COUNT I
**(Product Liability v. Defendants)**

19. Plaintiff incorporates paragraphs 1-18 by reference as if set forth at length herein.

20. Defendants designed, manufactured, marketed, distributed, sold, and/or placed the Dehumidifier into the stream of commerce.

21. The Dehumidifier was defective at the time it left Defendants' control in one or more of the following ways:

   a. It was defective in design in that it was designed and assembled in a manner that allowed for runaway heating;

   b. It was defective in design in that the configuration of its conductors and internal electrical connections could lead to the generation of excess heat the temperatures of which were sufficient to ignite combustible materials;

   c. It was defective in design in that the plastics used incorporated into its manufacture were susceptible to ignition by heat produced by the operation of the Dehumidifier;

   d. It was defective in its manufacture in that the plastics used in its manufacture deviated from those Defendants intended to use and were susceptible to ignition;

   e. It was defective because of inadequate instructions and inadequate warnings in that the risk of fire could have been reduced or avoided with appropriate and adequate warnings and instructions; and

4

      f.      It was defective because of inadequate warnings in that no warnings were given to consumers relating to the possibility of fire with respect to its design and manufacture as stated in paragraphs (a) and (b) above.

22. The Dehumidifier, by virtue of the above defects, was in an unreasonably dangerous condition at the time it left the control of Defendants in that it could overheat, smoke, and catch fire, posing fire and burn hazards to consumers and to property.

23. The Dehumidifier reached Schreiber without substantial change in the condition in which it was sold.

24. The above defective and unreasonably dangerous conditions directly and proximately caused the Fire and Plaintiff's damages.

WHEREFORE, Plaintiff, American Family Mutual Insurance Company, SI as subrogee of Michelle Schreiber, demands judgment in its favor and against Defendants Gree USA, Inc. and MJC America, Ltd., for monetary damages in the amount that is fair and reasonable to compensate for Plaintiff's losses and such other further relief as the Court deems just and proper.

## COUNT II

**(Negligence v. Defendants)**

25. Plaintiff incorporates the allegations made in paragraphs 1-18 as if set forth at length herein.

26. At all relevant times, Defendants owed Schreiber a duty to use reasonable care in the design, manufacturing, assembly, and sale of the Dehumidifier, such that it was safe and free of defects such that the Premises was not at risk of fire.

27. Defendants breached the aforementioned duties in one or more of the following ways:

a. Designing the Dehumidifier such that it was at risk of runaway heating and resulting fire;

b. Designing the Dehumidifier such that its components were susceptible to overheating and fire;

c. Designing the Dehumidifier such that it featured combustible and dangerous plastics;

d. Manufacturing the Dehumidifier such that it was made with combustible and dangerous plastics;

e. Failing to issue warnings that the Dehumidifier was susceptible to overheating and fire;

f. Failing to issue adequate warnings to consumers that the Dehumidifier was dangerous and that consumers should immediately discontinue its use;

g. Acted in an otherwise negligent manner with respect to the Dehumidifier's design, manufacture, and sale.

28. The above-alleged negligent conduct of Defendants directly and proximately caused the Fire and Plaintiff's damages for which Defendants are liable to Plaintiff.

WHEREFORE Plaintiff, American Family Mutual Insurance Company, SI as subrogee of Michelle Schreiber, demands judgment in its favor and against Defendants Gree USA, Inc. and MJC America, Ltd. for monetary damages in the amount that is fair and reasonable to compensate for Plaintiff's losses and such other further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands the empaneling of a lawful jury to hear all triable issues in this case.

Dated: October 12, 2023                Respectfully Submitted,


By:     */s/ Marisa L. Saber*
        Marisa L. Saber
        Cozen O'Connor
        123 N. Wacker Dr., Ste 1800
        Chicago, Illinois 60606
        Telephone: (312) 382-3100
        Facsimile: (312) 382-8910
        msaber@cozen.com
        ***Attorneys for Plaintiff***